UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TERRANCE WEBSTER,            )
                             )
        Plaintiff,           )
                             )
v.                           )        No. 1:21-cv-121-SNLJ
                             )
BRITTON FERRELL, et al.,     )
                             )
        Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Terrance Webster, a pretrial detainee at the Mississippi County Detention Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will order him to pay an initial partial filing fee of $26.11. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order plaintiff to file an amended complaint in accordance with the instructions set forth below.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account statement shows that he has an average monthly deposit of $130.56. The Court will therefore assess an initial partial filing fee of $26.11, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights by opening and reading his outgoing legal mail and discussing it with other inmates. Named as defendants are Britton Ferrell, Sheriff of Mississippi County, and Joe Ross,

Jail Administrator of Mississippi County Detention Center. Plaintiff sues both defendants in their official and individual capacities.

According to the complaint, on July 13, 2021, plaintiff handed defendant Ross "legal mail addressed to the NAACP to be mailed as legal mail. Where he unsealed my mail, read it, then turned it over to Sheriff Ferrell instead of mailing it off." Plaintiff states that Ross later made a comment in the presence of plaintiff and other inmates saying, "Mr. Webster is accusing us of treating him like a slave." Plaintiff states that these actions embarrassed and humiliated him, placed him in a "high risk violent environment," and caused him extreme emotional distress.

Plaintiff states that on August 7, 2021, defendant Ferrell received plaintiff's "legal mail" from defendant Ross. Plaintiff states that Ferrell held the mail for eighteen days, and instead of placing it in the United States Postal Service for delivery, Ferrell hand-delivered plaintiff's letter to the local NAACP branch. Plaintiff states that Farrell later "loudly addressed my grievance in front of everyone stating, 'Because you say that Black lives matter to you, does not mean it matters to me!'" Again, plaintiff alleges these events caused him extreme emotional distress.

For relief, plaintiff seeks $50,000 in punitive damages to deter future behavior.

## Discussion

The Eighth Circuit has acknowledged the delicate balance "required to weigh the constitutional rights of inmates against legitimate regulations imposed by those charged with the inordinately difficult task of operating a prison." *Thongvanh v. Thalacker*, 17 F.3d 256, 257 (8th Cir. 1994) (internal quotations omitted). Pre-trial detainees and convicted persons "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)). Inmates retain protections afforded by the First Amendment, including the right to send and receive mail. *See id.* (citing *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). At the same time, prison officials have a duty to maintain security within

the prison. *See id.* at 258-59. Generally, prison officials may read an inmates' incoming and outgoing mail, with the exception of legal mail. Mail to or from an inmate's attorney and identified as such may not be opened for inspection except in the presence of the prisoner. *See Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). Isolated incidents or incidents without any evidence of improper motive on the part of the prison staff do not give rise to constitutional violations. *Stockdale v. Dwyer*, 2007 WL 2994316, *6 (E.D. Mo. Oct. 11, 2007).

The constitutional protections for legal mail extend only to genuine legal mail—inmates have no constitutional right to prevent prison staff from opening nonlegal mail. *Id.* at *8. It is the content of the mail that is relevant, not simply the designation. "Plaintiff cannot change the status of his nonlegal mail into legal mail subject to constitutional protection by placing a false designation on the outside of the envelope." *Id.*

Here, the Court has insufficient factual information to determine whether plaintiff has stated a constitutional claim. Plaintiff alleges in conclusory fashion that his "legal mail addressed to the NAACP" was opened and read by defendants. The Court is unable to determine from this statement whether plaintiff's mail was privileged legal or nonlegal mail. Plaintiff does not allege the contents of the mail. He also has not alleged to whom in particular it was addressed at the NAACP, and whether this addressee was an attorney. Additionally, it is unclear from the complaint whether the envelope containing plaintiff's mail included the designation "legal mail."

The Court will order plaintiff to file an amended complaint. In his amended complaint, plaintiff shall state with particularity to whom his mail was addressed at the NAACP, including whether the addressee was an attorney; the specific content of the mail, including whether plaintiff claims this content was privileged communication; and whether the mail was identified on the envelope as "legal mail." Plaintiff will have thirty days to file his amended complaint. Plaintiff is advised that the amended complaint will replace the original complaint and any allegations not

realleged in the amended complaint will be waived. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $26.11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth above.

**If plaintiff fails to timely file an amended complaint in compliance with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice to plaintiff.**

Dated this 18th day of January, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE